## AFFIDAVIT IN SUPPORT OF

## AN APPLICATION FOR A CRIMINAL COMPLAINT

I, Luis Gonzalez-Encarnacion, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with Homeland Security Investigations and have been since December 2023. I am currently assigned to the Immigration Crimes Group in San Juan, Puerto Rico. Prior to my appointment as a Homeland Security Investigations Special Agent, I was appointed in 2019 as a Border Patrol Agent with the United States Border Patrol. As a Homeland Security Investigations Special Agent, I have received formal and on the job training and I am authorized to investigate violations of laws of the United States and to execute and serve any order, subpoena, summons, warrant, or other process issued under the authority of the United States. I am familiar with the statutes of the United States Code, and as a federal law enforcement officer, I have participated in investigations, surveillance, interviews, interrogations, arrests, searches, seizures, administration of oaths, and in taking and considering evidence concerning the privilege of any person to enter, reenter, pass through, or reside in the United States. Based on my law enforcement experience detailed herein, as well as my training, and experience of other law enforcement officers who are participating in this investigation, serve as the basis for the conclusion set forth herein.

2. This affidavit is intended to show merely that there is sufficient probable cause for the requested criminal complaint and does not set forth all my knowledge about this matter. I make this affidavit based on my own personal knowledge and on oral and written reports by other federal, state, and/or local law enforcement agents and officers that investigated this matter. This

affidavit does not contain all the information derived from this investigation only that which is sufficient to demonstrate probable cause to believe that a crime has been committed.

3. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of *8 U.S.C. 1326(a) – Reentry of removed alien* has been committed by **Andres REYES.**

## PROBABLE CAUSE

4. On December 17, 2025, personnel from Immigration and Customs Enforcement (ICE) Homeland Security Investigations (HSI), ICE Enforcement and Removal Operations (ERO), all immigration components present at or near Calle Felipe De Plana Guaynabo, Puerto Rico, were wearing clearly visible outer exterior vests marked with their respective insignia identifying themselves to the public. HSI and ERO encountered a pick-up truck at a parking spot open to the public in front of a hardware store. Agents were notified that two subjects inside the pick-up truck fled from the pick-up truck when they saw the agents. Shortly after agents were able to apprehend one of the two runners. When walking back to their government vehicles agents observed a subject that came out of the hardware store and was approaching the driver side of the same pick-up truck that the other two subjects ran away from. Agents approached the subject and performed an immigration inspection to determine the citizenship of the subject. The subject was identified as **Andres REYES**, hereinafter "**REYES**".

5. **REYES** showed the agents a Puerto Rico driver's license and claimed to be in an "immigration proceeding" to be legally present in the United States. Immigration checks performed at the field led the agents to determine that **REYES** had unlawfully re-entered the United States from the Dominican Republic, at a time and place other than as designated by the Secretary of the Department of Homeland Security of the United States and after having been

removed. After determining that **REYES** was an alien who illegally re-entered the United States, **REYES** was arrested and transported to the ICE San Patricio office for further processing. **REYES** was issued a Form I-200, warrant for arrest of alien, on scene and was transported to the Guaynabo, PR processing center.

6. HSI SAs read **REYES** his Miranda rights, at which time **REYES** requested a lawyer. At that moment HSI SAs stopped the interview.

7. As to **REYES** immigration and criminal history, record checks revealed the following:

    a. On 1/16/2003, **REYES** was apprehended by Puerto Rico Police Department and was transferred to immigration officers. **REYES** was placed in removal proceedings through the issuance of a Notice to Appear. On 1/31/2003, an Immigration Judge granted **REYES** with a Voluntary Departure. On 2/4/2003, **REYES** voluntary departed from the United States to the Dominican Republic.

    b. On 2/26/2007 a Form I-130, Petition for Alien Relative was filed by **REYES** and was approved by the United States Citizenship and Immigration Services (USCIS). On 4/14/2015, the I-130 was revoked by USCIS.

    c. On 12/13/2015, **REYES** was encountered by immigration officers while traveling from Cyril E. King Airport to San Juan, PR onboard a JetBlue flight. **REYES** was found inadmissible and was given a Notice to Appear. He was released with Form I-94 and was paroled for a year. On 5/17/2016, **REYES** failed to attend the immigration hearing, and the immigration judge issued an *in absentia* order of removal.

    d. **REYES** absconded from immigration authorities until 12/13/2018, at which time he was arrested by the Florida Surfside Police Department for driving without a license. On 12/14/2018, **REYES** was transferred to ERO Miami via the ERO Criminal Alien Program (CAP). ERO Miami executed the removal order that had been issued by the immigration judge on 5/17/2016. That is, on 3/6/2019, **REYES** was physically removed from the United States to the Dominican Republic.

8.    Record checks also revealed that as of December 17, 2025, **REYES** had not applied for nor obtained the express consent of the Secretary of Homeland Security for permission to enter the United States (Form I-212) before USCIS. Thus, **REYES** has not obtained consent from the Secretary of Homeland Security to enter the United States, nor does he have any immigration documents allowing him to legally enter and/or remain in the United States.

[SPACE INTENTIONALLY LEFT BLANK]

## **CONCLUSION**

9.  Based on the forgoing, and based upon my training, experience and participation in this and other investigations, I believe that sufficient probable cause exists to demonstrate that **REYES** reentered the United States after being removed in violation of 8 U.S.C. § 1326(a) - Reentry of Removed Alien.

Respectfully submitted,

_____
Luis Gonzalez-Encarnacion
Special Agent
Homeland Security Investigations

Sworn pursuant to FRCP 4.1 at  8:22pm   by telephone, this  18th  day of December, 2025.

_____
HON. MARIANA BAUZÁ ALMONTE
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF PUERTO RICO